IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

JONATHAN C. GASKINS, )
)
    Petitioner, )
)
v. ) CV 315-094
) (Formerly CR 313-007)
UNITED STATES OF AMERICA, )
)
    Respondent. )

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. nos. 12, 13.) The Magistrate Judge recommended denial of Petitioner's § 2255 motion without an evidentiary hearing, finding Petitioner's ineffective assistance of counsel claims barred by the collateral attack waiver and meritless. (See generally doc. no. 10.) All but one of Petitioner's objections merely restate the arguments the Magistrate Judge already addressed at length in the R&R, and accordingly, only Petitioner's argument he is entitled to a stay pending Beckles v. United States, 616 F. App' x 415 (11th Cir. 2015), *cert. granted*, 136 S. Ct 2510 (U.S. June 27, 2016) (No. 15-8544) requires further discussion.

The Magistrate Judge correctly found Petitioner was not sentenced under the residual clause because Petitioner was not sentenced under 18 U.S.C. § 924(e)(2)(B)(ii), and was not designated a career offender under the ACCA. (Doc. no. 10, p. 16.) Instead, Petitioner was sentenced under § 4B1.1 of the advisory sentencing guidelines, and as the Magistrate Judge

correctly noted, Johnson v. United States, 135 S. Ct. 2551 (2015) does not apply to the guidelines. United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015). In his objections, Petitioner disagrees with Matchett and asks his case be stayed until the Supreme Court decides whether Johnson applies retroactively to collateral challenges to federal sentences imposed under the sentencing guidelines in Beckles.

There is no basis for holding the case in abeyance. As the Eleventh Circuit recently explained, "[G]rants of certiorari do not themselves change the law, and must not be used by courts as a basis to grant relief that would otherwise be denied." In re Bradford, 830 F.3d 1273, 1275 (11th Cir. 2016) (citing Schwab v. Sec'y, Dep't of Corr., 507 F.3d 1297, 1298-99 (11th Cir. 2007)). Regardless of the outcome in Beckles, the decision in Matchett is currently the controlling case law in the Eleventh Circuit, and under that precedent, Petitioner is not entitled to a stay.

Furthermore, the Magistrate Judge correctly determined that even if Johnson is found to apply to § 4B1.1 of the guidelines, Petitioner would still not be entitled to relief because he qualifies as a career offender without invocation of the residual clause. Petitioner was deemed a career offender under § 4B1.1 because he had at least two prior felony convictions for controlled substance offenses. Petitioner was convicted in 2002 for possession of cocaine with intent to distribute, and in 2004 for the sale of cocaine. (PSI ¶¶ 47, 49). These controlled substance offenses were proper predicate offenses for Petitioner's career offender designation, and Johnson does not apply to career offender designations from predicate controlled substance offenses under the Guidelines. Golden v. United States, No. CR614-002, 2016 WL 3647637, at *1 (S.D. Ga. June 30, 2016), report and recommendation adopted, No. CR614-002, 2016 WL 4098345 (S.D. Ga. Aug. 1, 2016). Accordingly, the Court

**DENIES** Petitioner's request for a stay (doc. no. 13), **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DENIES** without an evidentiary hearing Petitioner's motion filed pursuant to 28 U.S.C. § 2255.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, a final judgment shall be **ENTERED** in favor of Respondent, and this civil action shall be **CLOSED**.

SO ORDERED this 18th day of January, 2017, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

3